**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEBRA WENTZ,

                Plaintiff - Appellant,

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                Defendant - Appellee.

No. 10-35003

DC No. 3:08 cv-0661 PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted October 8, 2010[**]
Portland, Oregon

Before:    TASHIMA, PAEZ, and CLIFTON, Circuit Judges.

    Debra Wentz appeals the district court's judgment affirming the Social

Security Commissioner's denial of her application for disability insurance benefits

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

and supplemental security income under Titles II and XVI of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

Wentz contends that the ALJ erred at Step 4 of the sequential evaluation process by rejecting three categories of evidence:  (1) Wentz's testimony concerning severe and disabling symptoms, such as an inability to sit for longer than twenty minutes; (2) the corroborating testimony of three lay witnesses; and (3) the opinions of two treating physicians, Dr. Molloy and Dr. Kenyon.

We conclude that the ALJ properly rejected each category of evidence. Wentz's testimony about the severity of her symptoms conflicted with reports by her psychiatrist, Dr. Sally Godard, indicating that Wentz was in fair health during much of the relevant time period.  Wentz's testimony also conflicted with evidence of her daily activities, which suggested that she led a more active life than her alleged symptoms would permit.  This contradictory evidence adequately supports the ALJ's negative credibility determination under the clear and convincing standard.  *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).  Dr. Godard's reports and the evidence of daily activities also conflict with, and support the ALJ's rejection of, the lay witness testimony.  *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d

685, 694 (9th Cir. 2009).  Finally, the ALJ did not err by discounting the treating physicians' opinions, which were based almost entirely on Wentz's subjective complaints.  *See Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009).

## II.

Wentz also contends that the ALJ made two errors at Step 5.  First, she argues the ALJ propounded an inaccurate hypothetical to the vocational expert ("VE").  The hypothetical asked the VE to assume that Wentz, due to mental impairments, could perform only "simple 1, 2, 3 step work."  In contrast, in the residual functional capacity ("RFC") determination, the ALJ described Wentz's mental impairment as limiting her to "simple, routine, repetitive work."  Although the hypothetical described the mental impairment differently than the RFC, this difference in diction does not render the hypothetical inaccurate.  Wentz does not cite any authority suggesting that a VE would understand the phrase "simple, routine, repetitive work" to impose more severe limitations than the phrase "simple 1, 2, 3 step work."  And the record shows that the VE understood the "simple 1, 2, 3" limitation to be so restrictive as to permit performance of only unskilled jobs, while excluding both skilled and semi-skilled work.  Accordingly, we conclude that the discrepancy between the language of the hypothetical and the RFC was

immaterial.  *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (noting that VE hypothetical is proper so long as it "reflects all the claimant's limitations").

Second, Wentz contends that the VE's testimony (on which the ALJ relied) conflicted with the Dictionary of Occupational Titles ("DOT").  To rely on vocational expert testimony, the ALJ must ask the VE if his or her testimony is consistent with the DOT.  *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p).  If the VE identifies a conflict with the DOT, the ALJ must obtain a "reasonable explanation" for the conflict before relying on the testimony.  *Id*. at 1153.

Here, the ALJ asked the VE to identify any conflicts between her testimony and the DOT, and the VE identified none.  Wentz's attorney then cross-examined the VE, but did not challenge her representation that her testimony comported with the DOT.  Accordingly, the ALJ met his obligations under *Massachi* and SSR 00-4p to investigate potential conflicts with the DOT, and his reliance on the VE testimony was therefore proper.

**AFFIRMED.**